Thank you very much. We'll turn to the last case on the calendar, which is Diga v. International Center, etc., number 19-3582. Mr. Moore. Good afternoon, judges. This is Scott Moore, arguing on behalf of the plaintiff's appellants. May it please the court. First, I would like to bring a brief correction to the court's attention pertaining to the oral argument calendar. There is a misspelling of the name Himno-Ziga. The correct name is Himzo with a Z, not an N, would be the correct spelling. H-I-M-Z-O is the first name, right? H-I-M-Z-O. Right. Himzo. Right. Okay. Thank you, judge. Your Honor, this case should be reversed because the magistrate did not have the power to prepare the report and recommendation of dismissal of this case under the doctrine of forum nonconvenience. And, simply, this case is not appropriate for dismissal under that doctrine. The report and recommendation was not authorized by the order of referral by the district judge. That order of referral is found at appendix page 36. There was no informed and knowing waiver of the jurisdiction. The timing of the forum nonconvenience motion weighs against granting the motion. The motion was filed on the date a routine fact discovery was scheduled to end. And that late date mooted the very convenience purpose such a motion is intended to serve. The initial scheduling order indicated the fact deadlines without limitations at paragraph 8, which is found at appendix page 39. The expert witness deadlines are found on the next page, page 9, at appendix 40. These deadlines were extended. And the most recent extension deadlines are easily found in the docket sheet at appendix page 5 and appendix page 6. The last one being December 7, 2018. There's no mention of forum nonconvenience in any of these discovery scheduling, except at paragraph 15 of the initial scheduling order. And there's nothing in the record suggesting at all that discovering this case was limited for the purpose of forum nonconvenience. In fact, the motion was filed on the day that the fact discovery was scheduled to end with a very limited exception of plaintiffs seeking to extend discovery for very limited purpose. Belgium, which is where this case was directed by the lower court, is not an available and adequate forum. The language in the forum legal correspondence record shows Belgium is not available or adequate. The appellant's legal correspondence from French attorney, I'm going to use first names because I don't speak French, French attorney Gregory to the Ziega family dated January 18, 2017, and December 21, 2017, shows a criminal proceeding must accompany a civil proceeding or a claim sounding in wrongful death. And I point the court to, in the appendix, page 723 of the December 21, 2017, letter, and pages 735 and 748 of the January 18, 2017, letter. Further, the legal correspondence of appellants from Belgian attorneys, again, first names, Laurent and Fanny to French attorney Gregory underdates January 19, 2017, and January 20, 2017, indicates the same plus immunity. In these pages, I point the court to appendix pages 816 and 817 of the January 19, 2017, letter, and page 823 of the January 20, 2017, letter. Appellee points to no language in any of this legal correspondence to the contrary. In the lower court, there was an apparent aha moment by the magistrate when some of this correspondence was put in a reply by the appellee. And it appears that the lower court, both the magistrate and the district court judge, didn't read the contents of the letters. They only seemed to have looked to the existence of the letters. On the face of these letters alone, you know, a definition of foreign shopping isn't even met because foreign shopping is looking to choose among alternative forums to get a best outcome. And there's no letter from a U.S. counsel that's lacking. So, from the outset, there's no legal correspondence comparing different forums and then choosing the best. One minute. The truth is what this correspondence shows is there was simply no other place to go than to New York where the headquarters was located. The private and public interest factors point to New York both because the discovery was completed and this motion defeated the purpose of convenience. We're finished on discovery. In addition, the deference should be given to the New York forum for the same reasons, that the New York is really the only viable forum. And for these reasons, plaintiffs' appellants respectfully request the court to reverse and remand to the lower court. Thank you very much, Mr. Moore. You've reserved two minutes. Mr. Carpucci. Good afternoon, Your Honors. I am just going to try to be as brief as possible here. It's late in the day, and I don't want to take up too much of Your Honor's time with what I think is a fairly straightforward forum nonconvenience case. Notably absent from the appellant plaintiff's presentation here today is his ability to show that there was any abuse of discretion by either Magistrate Lohrberger or Judge Carter. And I think that that is critical to the analysis here. And his omission, plaintiff appellant's omission of that abuse of discretion, I think speaks volumes here. Turning to the failures of the plaintiff's case, we must consider the Southern District's decision by Denise Cote, or Judge Cote, in Mayer versus Time, Time-Life. It's a case on all fours. It's a case that the plaintiff appellant was confronted with below. He never challenged it. He never addressed it. And he had ample opportunity to. And I think his omission of that case is telling as well. The factors in Mayer were less favorable to a forum nonconvenience determination. And yet, forum nonconvenience was granted in that case. And I'm not going to belabor the facts too much because I know your honors, I'm sure, are familiar having read our papers on that point. But I do want to talk about the legal opinions that the appellant has raised here regarding Belgian law and the appropriateness of that as a forum. Again, Judge Lerberger and Judge Carter both found that those opinions, which were generated by the plaintiff in this case, by the appellant in this case, we didn't ask for those opinions. Those are his documents in this case. Those opinions were found by Judge Lerberger and Judge Carter in their discretion to prove that there is an adequate forum in Belgium for this case. And in fact, if we look at these documents, there is only one interpretation that can be afforded. Hello, this is Judge Raggi. I can no longer hear anything. Judge Parker, I'm still here, but I can't hear anything either. Mr. Moore, are you there? Attorney Moore is here. I can't hear her opposing counsel, though. Well, perhaps the courtroom deputy can try to reach Mr. Carpuccio. Yes, I'll do so right now, your honor. Thank you. Mr. Carpuccio, I'm still showing you as connected. When you get a chance, can you check to see if you're on mute? This is the courtroom deputy. Again, you're still connected. If you have any problems, you may have to hang up and dial back in. I do not have a way of inviting you right now, Mr. Carpuccio. Can the courtroom deputy communicate with him by email? With your permission, I can't, so I'll do so now. Thank you. Thank you. Okay. Hello? Hello? Hello? John Carpuccio. You're back. Okay. Yeah, sorry. Are you there, Mr. Carpuccio? I am. Sorry, I'm not sure where you lost me. Well, that's a good question. I'm sorry about that, your honor. Okay, pick it up as best you can. I made several pinpoint sites for the record on appeals. Did you get that part of it? Yes. Yes. With respect to the documents that indicate that his own experts, his own lawyers he sought opinions from, all indicate in those letters that Belgium is a viable adequate forum. And I'll give the pinpoint sites again, and then I'll move on. It's A724, A735, A736, A816, and A823. They all state, and I can give you the direct quotes again if your honors would like. I don't want to be redundant because I'm not sure where my phone cut out. But those portions of those opinions all state unequivocally in black and white that Belgium is an adequate forum. And the fact of the matter is, is that the conditions that were placed on the order granting the forum non-convenience motions obviate all of the plaintiff's appellant's concerns here. Because we've agreed not only to jurisdiction, but to waive statute of limitations, and according to Judge Lerberger and Judge Carter, if it doesn't work out for plaintiffs in Belgium, they can come back here and try here. And I think that's where the plaintiff's appellant makes the mistake that he's making. He thinks he misses the whole point behind forum non-convenience. Which is, if there's a more convenient forum, and there is, he gets to go there first, especially when the conditions have been placed by the magistrate, judge, and district judge on us here. And with that, your honors, I'll take any questions, and I again apologize for my phone cutting out on us. No, no, it's all right. It's beyond the control of any of us, I think. I'm sorry I'm not there in person, believe me. We agree. Judge Parker. Oh, no, I have no questions. Judge Raji. I do not either. Thank you. Mr. Moore, you have two minutes. Thank you, Judge. Opposing counsel didn't respond at all to the point that fact discovery is over with the limited, except for the limited request plaintiffs had said. So, to suggest that this case should go to Belgium because it would be more convenient, that doesn't support the purpose of the doctrine, because the case is finished here in New York, with that limited exception for fact discovery. And again, we pointed out in our brief specific language in the French and Belgium letters, indicating that those forms were not viable. And to suggest that the plaintiff's appellant should now go to Belgium and file a case, and then, of course, that case is, however it's going to get dismissed, it would be anybody's guess. But without a public prosecutor filing a criminal case, the case is going nowhere. And whether it gets dismissed on jurisdiction or whether it gets dismissed on some other basis, there's no guarantee that the case can come back here to New York. I will otherwise rest on the briefs unless the court has any questions for this side. Thank you, Your Honors. Thank you very much. Judge Parker, any questions? No, thank you. Judge Raji? No, thank you. Okay, we will reserve decision, and that concludes our work in open court today. I'll ask the courtroom deputy to close court and move us to the other enclosed arena.